# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **R.G.-1 and R.G.-2**

**No. 19-0857** (Cabell County 18-JA-223 and 18-JA-224)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.G., by counsel Steven T. Cook, appeals the Circuit Court of Cabell County's August 23, 2019, order terminating his parental rights to R.G.-1 and R.G.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel James Wegman, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Shawn Bartram, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his improvement period, in terminating his parental rights, and in refusing to grant him unsupervised post-termination visitation with the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2018, the DHHR filed a child abuse and neglect petition against the parents, alleging that their drug abuse impaired their parenting abilities. Specifically, the DHHR alleged that the parents abused methamphetamine and that petitioner sexually abused R.G.-2. During a walk-through of the home, a DHHR worker reported observing needles in the kitchen and burnt spoons in the bedroom the parents shared with R.G.-2.

According to the guardian, petitioner stipulated to the allegations of drug abuse and was adjudicated as an abusing parent. The circuit court granted petitioner a post-adjudicatory improvement period in December of 2018, which required that he regularly submit to drug

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children share the same initials, we will refer to them as R.G.-1 and R.G.-2, respectively, throughout this memorandum decision.

1

screens and address his substance abuse. At a status hearing held in March of 2019, petitioner tested positive for methamphetamine. In June of 2019, the circuit court terminated petitioner's post-adjudicatory improvement period due to his failure to comply with services.

The circuit court held a dispositional hearing in July of 2019. Petitioner testified that he smoked marijuana the day prior to the dispositional hearing and abused methamphetamine during the prior week. Petitioner admitted that he missed several drug screens, but claimed that his drug abuse had significantly dissipated in recent years. A DHHR worker testified that petitioner regularly missed services and only minimally participated in parenting and adult life skills classes. Indeed, petitioner had not submitted to a drug screen since March of 2019. Further, petitioner failed to maintain contact with the DHHR except to request a new bus pass. Based on the foregoing, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. It is from the August 23, 2019, dispositional order terminating his parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating, rather than extending, his post-adjudicatory improvement period.[3] According to petitioner, he was

---

[2]The mother's parental rights were also terminated below. The permanency plan for R.G.-1 is guardianship by her great-grandmother and the permanency plan for R.G.-2 is adoption by her great-aunt.

[3]As part of his argument, petitioner states that he was eligible for a post-dispositional improvement period. However, petitioner fails to cite to any portion of the record establishing that he moved the circuit court for a post-dispositional improvement period. "'Our general rule is

(continued . . .)

participating in a treatment program and, therefore, was eligible for an extension. Petitioner also contends that there was no reason to terminate his improvement period when he was later granted post-termination visitation with the children. We disagree.

Pursuant to West Virginia Code § 49-4-610(6), "[a] court may extend any improvement period . . . when the court finds that the respondent has substantially complied with the terms of the improvement period." In this case, the DHHR presented evidence that petitioner's participation in rehabilitative services was inadequate. Petitioner failed to consistently attend parenting and adult life skills classes and failed to participate in drug screening after March of 2019. While petitioner contends that he was participating in a drug treatment program, the record reveals that petitioner was actually participating in a Suboxone clinic and, as the circuit court found, "Suboxone is not a treatment plan for methamphetamine." Indeed, petitioner admitted to smoking marijuana on the day prior to the dispositional hearing and abusing methamphetamine during the preceding week. As such, petitioner did not meet the statutory requirements necessary for the circuit court to grant him an extension of his post-adjudicatory improvement period. Because circuit courts "shall terminate any improvement period" when the parent "has failed to fully participate in the terms of the improvement period," the circuit court did not err in terminating petitioner's improvement period, rather than extending it, given the evidence of his noncompliance throughout the proceedings. *See* W. Va. Code § 49-4-610(7). Accordingly, petitioner is entitled to no relief in this regard.

Petitioner next argues that the circuit court erred in terminating petitioner's parental rights. Specifically, petitioner contends that the circuit court erroneously terminated his parental rights in violation of West Virginia Code § 49-4-604(e) (2019),[4] which provides that a circuit court

> may not terminate the parental right of a parent on the sole basis that the parent is participating in a medication-assisted treatment program, as regulated in § 16-5Y-1 *et seq.*, for substance use disorder, as long as the parent is successfully fulfilling his or her treatment obligations in the medication-assisted treatment program.

Petitioner contends that he was receiving medication-assisted treatment for his substance abuse at the time his rights were terminated. Petitioner also argues that the circuit court erred in terminating his parental rights on the basis of abandonment when no evidence of the same was presented below. Having reviewed the record, we find that petitioner is entitled to no relief.

---

that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co.*, Inc., 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). As such, we decline to address this aspect of petitioner's argument on appeal.

[4]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

West Virginia Code § 49-4-604(b)(6) (2019) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) (2019) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when

> [t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

At the outset, we note that the circuit court did not violate West Virginia Code § 49-4-604(e) (2019) which, as noted above, provides that a circuit court may not terminate a parent's parental rights "on the *sole basis that the parent is participating in a medication-assisted treatment program.*" Here, the circuit court did not terminate petitioner's parental rights on the sole basis that he was participating in a Suboxone program. Rather, the court also found that petitioner failed to respond to or follow through with the rehabilitative efforts provided to him by the DHHR. As shown above, petitioner failed to consistently attend parenting and adult life skills classes and failed to participate in drug screening after March of 2019. Further, despite stipulating that he had a substance abuse problem and agreeing to seek treatment for the same, petitioner testified that he smoked marijuana and abused methamphetamine within a week of the dispositional hearing. To the extent petitioner claims that his participation in the Suboxone program should have precluded the circuit court from terminating his parental rights, we note that the circuit court determined that Suboxone was not a suitable treatment program for petitioner's addiction to methamphetamine. Further, petitioner failed to participate in a myriad of other services despite his attendance in the Suboxone clinic. Additionally, although the circuit court made the ambiguous finding that petitioner "abandoned his parental rights," such a finding is harmless here, as there was clear evidence to support the findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare given that he failed to follow through with rehabilitative services. Again, while petitioner argues that he should have been granted an extension to his post-adjudicatory improvement period prior to the termination of his parental rights, this Court has previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given petitioner's failure to follow through with services designed to correct the conditions of abuse and neglect, we find no error in the circuit court's decision to terminate his parental rights.

4

Lastly, petitioner argues that the circuit court should have granted him unsupervised, rather than supervised, post-termination visitation with the children. According to petitioner, unsupervised visitation would have been warranted given that the children are placed with relatives and that it was consistent with the children's wishes. We find that petitioner is entitled to no relief in this regard.

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). Here, the DHHR worker testified that supervised visitation was consistent with the children's best interests given their placements with relatives. Based on the worker's recommendation, the circuit court granted petitioner supervised post-termination visitation. Petitioner's claims that the children desired visitation with him are irrelevant given that he was, in fact, granted visits. To the extent petitioner argues that because the children were placed with relatives, he should have been granted unsupervised visits, we note that he ignores the fact that he admitted to abusing methamphetamine at the time of the dispositional hearing. As such, it is clear that any visitation with the children would need to be supervised in order to protect their health and safety. Therefore, we find no error in the circuit court's decision to grant supervised, rather than unsupervised, visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 23, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison